Filed 5/5/23 P. v. King CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096664 |
| Plaintiff and Respondent, | (Super. Ct. No. 99F07845) |
| v. | |
| DAVID KING, | |
| Defendant and Appellant. | |

In 2001, a jury convicted defendant David King of first degree robbery and burglary with true findings that he had suffered two prior strikes, two prior serious felony convictions, and two prior prison terms resulting in an aggregate prison term of 25 years to life, plus a 12-year determinate term. We modified this judgment on appeal to correct an error in custody credits and affirmed the judgment as modified. (*People v. King* (Nov. 26, 2002; C037815) [nonpub. opn.].)

1

On June 27, 2022, defendant acting in propria persona filed a motion entitled "motion for discovery and/or correction/expungement of erroneous information affecting 'liberty interests' and 'due process' 1203.01 (cook motion)." (Capitalization omitted.) This motion argued the trial court had jurisdiction to correct two errors in defendant's probation report pursuant to Penal Code section 1203.01 as interpreted by *In re Cook* (2019) 7 Cal.5th 439 (*Cook*). (Subsequent undesignated statutory references are to the Penal Code.) Specifically, defendant complained: (1) the report incorrectly stated his prints were found on items in the victim's residence and (2) mischaracterized his prior conviction as first degree, instead of second degree burglary. While defendant conceded that he was not a youthful offender, he argued the high court's interpretation of section 1203.01 entitled him to correct the record for use in his future parole hearings.

On July 14, 2022, the trial court denied defendant's motion in light of defendant's admission that he was not a youthful offender, stating, "defendant has not shown that he is entitled to a [] section 1203.01/<u>Cook</u> hearing." Defendant appealed arguing the trial court erred in refusing to consider his motion to correct the probation report and seeking reversal and remand. The People concur that the case should be remanded for the trial court to consider defendant's motion.

We disagree that defendant is entitled to litigate any inaccuracies allegedly contained within defendant's original probation report, but recognize that he is entitled to file his own section 1203.01 statement for transmission to the Department of Corrections and Rehabilitation. Accordingly, we will remand the matter so that the trial court may inform defendant of this right and will otherwise affirm the judgment.

## DISCUSSION

Section 1203.01, subdivision (a) provides in pertinent part: "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the

2

person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. . . . *The attorney for the defendant* and the law enforcement agency that investigated the case *may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which they were convicted.* Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered. . . ." (Italics added.)

Defendant argues section 1203.01, as interpreted by *Cook*, authorizes the trial court to hear his motion to correct certain alleged errors contained within his original presentence probation report. As we shall explain, we disagree that *Cook* vested the trial court with jurisdiction to determine a motion seeking to correct factual errors contained within a probation report. If such errors were present in defendant's original presentence probation report, he had the opportunity to litigate their correction prior to his original sentencing hearing. (Cal. Rules of Court, rule 4.437(c)(2), (e).) However, we do concur with the parties that, consistent with *Cook*, defendant is entitled to file a section 1203.01 statement.

In *Cook*, *supra*, 7 Cal.5th 439, the high court determined that a youthful offender whose underlying judgment of conviction was final did not have to bring a *habeas corpus* petition in order to obtain a *Franklin* proceeding to create a record for eventual use at a youthful offender parole hearing. (*Id.* at pp. 447, 452-453.) Rather, section 1203.01, coupled with the "court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187, authorize[d] [the trial court] to preserve evidence as promptly as possible for future use by the [Parole] Board." (*Cook*, at p. 455.) This procedure thus provided an adequate remedy at law. (*Id.* at p. 447.)

3

This result was not altered by section 1203.01's direction that its statements be filed " 'immediately after judgment' " or that the California Rules of Court, rule 4.480 directed these statements to be filed within two weeks of sentencing. Nothing in these directions precluded the acceptance of section 1203.01 statements filed outside of that window. (*Cook*, *supra*, 7 Cal.5th at p. 453.) Accordingly, the high court advised individuals seeking to make a youthful offender parole record to file a section 1203.01 motion in the trial court and directed those proceedings would not be limited to the "statements" referenced in section 1203.01, but rather would include a broader opportunity to record the evidence bearing on the youthful " 'offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' " (*Cook*, at p. 459.) The *Cook* dissent agreed with the majority that section 1203.01 "fills that gap" created by youthful offender parole statutes for individuals with final sentences to be able to create a record for their youthful parole hearings, but complained that youthful offenders should be limited to the submission of written, documentary evidence in accordance with the language of section 1203.01. (*Cook*, at pp. 460-462 [dis. opn. of Kruger, J.].)

Consistent with the only published opinion to have considered whether a non-youthful defendant whose conviction is final may file a section 1203.01 statement many years after being sent to prison (*People v. Crites* (2022) 77 Cal.App.5th 494, 499), we concur with the parties that defendant may file a section 1203.01 statement. We disagree, however, that section 1203.01 provides a vehicle for defendant to obtain a ruling on alleged factual errors from his original presentence probation report. To the extent that *Crites* suggests otherwise, we disagree with that opinion. (*Crites*, at p. 499.) Nothing in *Cook* suggests section 1203.01 authorizes the trial court to make such factual determinations. In fact, *Cook* expressly recognized that section 1203.01 does not "require the court to act as a fact finder," but rather "simply entails the receipt of evidence for the benefit of the [Parole] Board." (*Cook*, *supra*, 7 Cal.5th at p. 457.)

4

Therefore, defendant is limited to filing his section 1203.01 statement, which may include information intended to refute the inaccuracies he perceives in the original probation report.

## DISPOSITION

The matter is remanded with directions for the trial court to inform defendant that he may file a section 1203.01 statement consistent with this opinion. The judgment is otherwise affirmed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
RENNER, J.

5